UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donovan James Robinson,

                Plaintiff,

v.

Denise Overturf,
Grievance Coordinator, and
Kim Ebeling,
Grievance Appeal Coordinator,

                Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-2288 ADM/AJB

_____

Donovan James Robinson, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on the Objections [Docket No. 4] of Plaintiff Donovan James Robinson ("Plaintiff") to the October 5, 2005 Report and Recommendation ("R&R") [Docket No. 3] of Magistrate Judge Arthur J. Boylan. The R&R recommends this Court dismiss Plaintiff's Complaint [Docket No. 1] and deny his Motion for Leave to Proceed *in forma pauperis* [Docket No. 2].

Plaintiff is an inmate at the Minnesota Correctional Facility at Oak Park Heights, Minnesota ("MCF-OPH"). The caption of Plaintiff's Complaint indicates that he is attempting to sue two prison employees, Denise Overturf and Kim Ebeling, for refusing to process his grievances under MCF-OPH prison grievance procedures. Although he does not indicate he has suffered any injury, Plaintiff is seeking a judgment for "compensatory and punitive damages." Complaint § V. He has also asked for an "injunction order," but has not revealed what he wants

Defendants to be enjoined from doing.  Id.  Finally, Plaintiff has asked for the "revisal of grievance procedures upon agreement of both parties and approval by the court."  Id.

The R&R found Plaintiff failed to allege facts necessary to state a claim upon which relief can be granted, and that his claims are barred by West v. Atkins, 487 U.S. 42, 48 (1988). The factual and procedural background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections.  For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, *de novo*, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Under 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act ("PLRA"), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity, or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  To the extent that a pleading, on its face, fails to state a claim upon which relief may be granted, it must be summarily dismissed.  28 U.S.C. § 1915A(b)(1).

Plaintiff objects to the R&R on several grounds.  First, Plaintiff objects to the denial of his motion for leave to proceed *in forma pauperis*.  Second, Plaintiff argues that he has properly stated a claim on which relief can be granted.  Third, in light of the summary dismissal of his claim, Plaintiff objects to the requirement that he pay the filing fee for his initial Complaint.

**A.      Denial of Leave to File In Forma Pauperis**

Plaintiff objects that the R&R unfairly denied him leave to file *in forma pauperis* ("IFP").  However, this result is mandated by the PLRA.  Because Plaintiff's IFP application indicated that he might not be able to pay even the partial filing fee that prisoners are required to remit under 28 U.S.C. § 1915(b)(1), the R&R ordered that the matter proceed directly to the initial screening process prescribed by § 1915A.  The R&R concluded that the Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must be summarily dismissed.  Consequently, the R&R's recommendation regarding Plaintiff's application for leave to file IFP is upheld.

**B.      Summary Dismissal for Failure to State a Claim**

The Plaintiff also claims the R&R is in error for recommending dismissal of his action for failure to state a claim on which relief can be granted.  Plaintiff purports to state a cause of action under 42 U.S.C. § 1983, which requires him to demonstrate that his federal constitutional rights were violated by the named Defendants acting under color of state law.  West, 487 U.S. at 48.  The R&R rejected Plaintiff's Complaint because he did not mention the Constitution or any constitutional principle, and failed to allege any facts from which a constitutional claim could be inferred.  Even if the Plaintiff's Complaint were liberally interpreted as claiming that he was deprived his constitutional right to due process, the Constitution does not require states to establish administrative grievance procedures.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  Prisoners have no Constitutional right to seek relief through existing prison grievance procedures.  Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Indeed, even if a prison does have established grievance procedures, prison officials cannot be sued for not processing a prisoner's

grievance. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Even if Plaintiff intended to allege that Defendants violated his Constitutional rights by not letting him seek relief under MCF-OPH's prisoner grievance procedures, his pleading falls short of an actionable § 1983 claim. For this reason, Plaintiff's claim must be summarily dismissed.

**C.     Requirement to Pay Filing Fee**

In his Objections, Plaintiff claims that he should not be required to pay the court filing fee because the court rejected his claim. This assertion is without factual or legal support. Under the PLRA, a prisoner may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). As the R&R correctly notes, the PRLA does not provide that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. R&R at 4; see In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

For the aforementioned reasons, Petitioner's Objections are denied and the R&R is adopted in its entirety.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's R&R [Docket No. 3] is **ADOPTED** in its entirety;

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," [Docket No. 2] is **DENIED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff's Objections [Docket No. 4] are **DENIED**;

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, $250, in accordance with 28 U.S.C. § 1915(b)(2); and

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 28, 2005.